FILED
JUL 1 8 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

'08 CR 2387 W

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. _____ |
| )  Plaintiff, ) | **I N D I C T M E N T** |
| ) v. ) | Title 18, U.S.C., Sec. 1349 - Conspiracy to Commit Wire Fraud; |
| RAFAEL SANTIAGO (1), ) ABNER BETECH (2), ) | Title 18, U.S.C., Sec. 1956(h) - Conspiracy to Launder Monetary |
| SAID BETECH (3), ) AVIVA BETECH (4), ) | Instruments; Title 18, U.S.C., Sec. 981(a)(1)(C), Title 28, |
| ANGEL ARMENDARIZ (5), ) LUCETTE MONTANE (6), ) | U.S.C., Sec. 2461(c) and Title 18, U.S.C., 982(a)(1) - Criminal |
| )  Defendants. ) | Forfeiture |

The grand jury charges:

Count 1

1. Beginning on or about a date unknown and continuing thereafter through at least November 2006, within the Southern District of California and elsewhere, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, and LUCETTE MONTANE, did knowingly and intentionally combine, conspire and agree with each other and with others known and unknown to the Grand Jury to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

CMA:nlv:San Diego
7/18/08

2. It was the purpose and object of the conspiracy to devise and intend to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and by concealment of material facts, and for the purpose of executing such scheme and artifice to defraud, to knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce, certain writings, signs, signals and sounds.

<u>The Scheme to Defraud</u>

3. It was part of the scheme for defendants and their coconspirators to cheat lenders into unwittingly funding millions of dollars in fraudulently inflated loans on properties in the Southern California area. By supplying false documentation and information, including false purchase contracts, inflated appraisals, fraudulent bank and loan documents, overstating the borrower's income, creating false income documentation, manipulating Multiple Listing Service ("MLS") listings, and stealing individual's identities, the defendants and their co-conspirators deceived lenders into believing that the loans were adequately secured by the properties' market values, when in fact the loans were greater than the properties' true purchase prices and true market values.

All in violation of Title 18, United States Code, Section 1349.

<u>Count 2</u>

4. Beginning on a date unknown to the grand jury, and continuing thereafter until at least November 2006, within the Southern District of California, and elsewhere, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, and LUCETTE MONTANE, did knowingly combine, conspire, and agree with

each other and with other persons known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, that is, the movement of funds by wire and other means, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, with the intent to promote the carrying on of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i). All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

5.  **Proceeds of Conspiracy to Commit Wire Fraud**

a) The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

b) Upon conviction of the offense of conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, as set forth in Count 1 of this indictment, defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, and LUCETTE MONTANE shall forfeit to the United States, any property constituting or derived from, proceeds traceable to such offense, including but not limited to a sum of money equal to the total amount of proceeds obtained directly or indirectly as a result of the offense.

   c) Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), each defendant shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of said defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

  6. <u>Property Involved in Conspiracy to Commit Money Laundering</u>

   a) The allegations contained in Count 2 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

   b) Upon conviction of the offense of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), as alleged in Count 2 of this indictment, the defendants RAFAEL SANTIAGO, ABNER BETECH, SAID BETECH, AVIVA BETECH, ANGEL ARMENDARIZ, and LUCETTE MONTANE shall forfeit all property, real or personal, involved in such offense and all property traceable to such property, including the following:

    i) all money or other property that was the subject of the conspiracy, including a sum of money equal to the total amount of money involved in the conspiracy;

ii) all commissions, fees, and other property obtained as a result of the violation; and

iii) all property used in any manner or part to commit or facilitate the commission of said violation.

c) Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), each defendant shall forfeit substitute property, up to the value of the amount described above, if, as a result of any act or omission of said defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 982(a)(1).

DATED: July 18, 2008.

A TRUE BILL:

Foreperson

KAREN P. HEWITT
United States Attorney

By: CHRISTOPHER M. ALEXANDER
Assistant U.S. Attorney